UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JUAN ANTHONY ROBLES,

    Defendant.

Case No. 3:24-cr-51-1

District Judge Michael J. Newman

---

**ORDER: (1) DENYING DEFENDANT'S MOTION FOR BOND RECONSIDERATION (Doc. No. 158); AND (2) AFFIRMING THE ORDER OF PRETRIAL DETENTION**

---

This criminal case is before the Court on Defendant Juan Anthony Robles's motion for bond reconsideration filed pursuant to 18 U.S.C. § 3142. Doc. No. 158.

**I.**

On August 7, 2024, the Court heard oral argument on the merits of Defendant's motion (Doc. No. 158). Present was AUSA Dwight Keller on behalf of the Government and attorney Angela J. Glaser on behalf of Defendant. The Court also heard testimony from Special Agent Timur Housum from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The motion is premised on, among other arguments, Defendant's family obligations as a fiancé, father, and grandfather. Although the Court is sensitive to those concerns, the motion -- for the reasons stated below -- merits denial.

Defendant was indicted for one count of Racketeering Conspiracy, a violation of 18 U.S.C. § 1962(d)(1) and one count of attempted Assault with a Dangerous Weapon in Aid of Racketeering Activity, a violation of 18 U.S.C. § 1959(a)(6) in the Southern District of Ohio on June 11, 2024. *See* Doc. No. 17. Defendant was arrested on that indictment in Arizona on June 13, 2024. Seven

days later, on June 20, 2024, he had a detention hearing before United States Magistrate Judge John Z. Boyle in the District of Arizona and was ordered to be detained pending trial. Doc. No. 122-1. In his detention order, Judge Boyle determined that Defendant posed too great of a risk of danger to the community such that an own recognizance bond would be inappropriate. *Id.* at PageID 352-53. Defendant was later transferred to the Butler County Jail in the Southern District of Ohio, where he is currently awaiting trial. Attorney Glaser was appointed as counsel for Defendant on July 16, 2024. *See* Doc. No. 150. At his initial appearance before United States Magistrate Judge Peter B. Silvain, Jr., in the Southern District of Ohio, Ms. Glaser requested a detention hearing, which Judge Silvain subsequently denied as moot because Defendant already had a detention hearing in Arizona, effectively adopting Judge Boyle's detention order. Now, Defendant seeks reconsideration of the Arizona and Ohio detention orders and requests he be released on a home confinement bond, with specific restrictions, to live with his family in Arizona until trial. Doc. No. 158.

The Court takes these issues seriously and is mindful that Pretrial Services in Arizona has recommended that Defendant be subject to an O/R bond with conditions. The Court is certainly sympathetic to Defendant's desire to be with his family. But the Court must balance those concerns against the safety of the community and statutory dictates.

## II.

A detention hearing "may be reopened" if the Court is presented with new information not known to movant at the initial detention hearing that has a "material bearing" on "whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). A criminal defendant may be detained pending trial "if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the

safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). The Court reviews this matter *de novo* and in the interests of the justice. *See United States v. Watson*, 475 F. App'x 598, 599 (6th Cir. 2012). The Court will review both Judge Boyle's detention order (Doc. No. 122-1) and Judge Silvain's denial of a detention hearing and effective adoption of Judge Boyle's detention order *de novo*.

### III.

While the Court is sensitive to Defendant's hardships, the Court has not found, by clear and convincing evidence, that any set of conditions will protect the community at large from Defendant potentially engaging in further involvement in any crime. During the August 7 hearing, Special Agent Housum testified that he visited Defendant's Arizona home on June 13, 2024, during which he recovered an AR-style rifle and suspected homemade explosive devices.

Furthermore, Defendant's prior record, including a violent crime conviction, weighs against his release. The Court has concerns that Defendant is a danger to others and the community because of his previous felony convictions, his alleged involvement in the underlying events of his indictment, and the firearm and suspected explosives Special Agent Housum found in Defendant's home.

Defendant also has not presented new evidence previously unknown to him that would "reopen" the detention hearing under 18 U.S.C. § 3142. The only information the Defendant could present to the Court is some explanation regarding his record. This is not new or previously unavailable information for purposes of reopening the detention hearing. *See U.S. v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) (affirming denial of a motion to reopen a detention hearing where the defendant's argument regarding a past criminal charge with minimal evidence because such information was not new or previously unknown to the defendant).

Finally, even assuming, *arguendo*, that the concern of dangerousness did not apply here, Defendant has not demonstrated "exceptional circumstances" justifying his release. Although Defendant's motion does not invoke 18 U.S.C. § 3145, the statute that authorizes bond modifications to United States District Court Judges, the Court will nonetheless analyze Defendant's motion in that context. Considering the statutory text and legislative intent surrounding Section 3145, "mere personal reasons, including caring for a family . . . are not exceptional." *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (collecting cases). Defendant's understandable desire to care for his family during this time is not enough. *See United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) (denying motion for release prior to sentencing based on family affairs because "virtually every defendant could invoke § 3145(c) simply by postponing efforts to arrange personal affairs until sentencing was imminent"); *United States v. Christman*, 712 F. Supp. 2d 651, 656–57 (E.D. Ky. 2010).

## IV.

Accordingly, Defendant's motion for bond consideration (Doc. No. 158) is **DENIED.** He shall remain detained prior to trial. The prior detention orders, by Magistrate Judge Boyle and Magistrate Judge Silvain, are **BOTH AFFIRMED**.

**IT IS SO ORDERED.**

August 15, 2024                                     /s Michael J. Newman
                                                    Hon. Michael J. Newman
                                                    United States District Judge